IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEREL MCELROY,

    Petitioner,

v.                                        Civ. No. 25-0096-KG-GBW

ARKANSAS DEPARTMENT OF CORRECTIONS,

    Respondent.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Petitioner Jerel McElroy's Amended 28 U.S.C. § 2241 Habeas Petition. (Doc. 2) (Petition). McElroy is a state prisoner in Arkansas and is proceeding *pro se*. His Petition raises claims under 28 U.S.C. § 2241. He appears to challenge his pretrial detention and the alleged failure to notify him of pending charges. (Doc. 2) at 1-2. McElroy also alleges he is falsely incarcerated and seeks a time-served sentence. *Id.*

    The Supreme Court holds that "the proper respondent to a habeas petition is the person who has custody over [the petitioner]," *i.e.,* the "warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). McElroy is being held at the Southwest Arkansas Community Correction Center in Texarkana, Arkansas (within Miller County). *See* Doc. 2 at 1. His "physical custodian" is not "within the jurisdiction of th[is] District Court." *Rumsfeld*, 542 U.S. at 440. Hence, the Petition must be resolved in the United States District Court for the Western District of Arkansas, where McElroy is incarcerated. *Id.*; *see also* 28 U.S.C. § 83(b) (Western District of Arkansas, Texarkana Division includes Miller County).

    District Courts may *sua sponte* consider dismissal or transfer when jurisdictional defects are clear from the face of the proceeding. *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th

Cir. 2006). In lieu of dismissal, and in the interest of justice, the Court may transfer a case to any district where venue and jurisdiction are proper. *See Johnson v. Christopher*, 233 Fed. App'x 852, 854 (10th Cir. 2007) ("To be sure, the district court has discretion … to transfer [an inmate's] case" *sua sponte*). To determine whether a transfer is in the interest of justice, courts consider: "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith…." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). *See also Faulkenburg v. Weir,* 350 Fed. App'x 208, 210 (10th Cir. 2009) (applying the same factors to a transfer). There is no indication that the claims are time-barred. An allegation that McElroy's detention is unconstitutional and that he did not receive notice of the charges may survive initial review. And, while McElroy directs his concerns to the wrong Court, this is a common mistake for *pro se* litigants. The Court finds no evidence of bad faith.

For these reasons, the Court will transfer this case to the United States District Court for the Western District of Arkansas, Texarkana Division. McElroy is reminded that all further filings must be submitted to that Court.

IT IS ORDERED that the Clerk's Office shall transfer this case to the United States District Court for the Western District of Arkansas, Texarkana Division.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.